REVISED, October 13, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-11092
_____


TOMMY RANDELL,

Plaintiff-Appellant,

VERSUS


GARY L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division; MELINDA BOZARTH, Director, Texas Board of
Pardons and Paroles; JOHN DOE, I; JOHN DOE, II,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____
September 26, 2000

Before WOOD[*], DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

The district court held that Tommy Randell's 42 U.S.C. § 1983
complaint for damages was frivolous and therefore dismissed his
complaint. Because we determine that the complaint fails to state
a cause of action upon which relief may be granted, we affirm.


I.

Randell was arrested and charged with driving while

_____

[*]Circuit Judge of the Seventh Circuit, sitting by designation.

intoxicated. He alleges that he was incarcerated from September 27, 1996 until June 25, 1997 pursuant to a warrant from the Texas Board of Pardons and Paroles, but was not given credit for this time and therefore had to serve the time over again.

By June 18, 1999, the date on which he commenced this litigation, Randell was no longer in custody for the term of confinement in dispute and therefore was ineligible for federal habeas relief.[2] He therefore pursued relief in forma pauperis under § 1983, requesting compensatory damages of $1000 for each day he had "served over his sentence." The district court dismissed Randell's § 1983 complaint as frivolous and Randell appealed. We affirm the district court on the grounds that Randell's complaint fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

## II.

Randell points out, pro se, that he is no longer in custody and thus can not file a habeas petition. Randell therefore asserts that he does not need to prove that the underlying proceedings upon which his conviction was based have been terminated in his favor, since he can no longer seek habeas relief. However, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Court unequivocally stated:

We hold that, in order to recover damages for allegedly

---

[2]See 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Therefore, the Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim "is not cognizable under [section] 1983."[3]  Because Randell is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted.

Based on dicta from concurring and dissenting opinions in Spencer v. Kemna, 523 U.S. 1 (1998), three circuits[4] have concluded that the Supreme Court - if presented with the question - would relax Heck's universal favorable termination requirement for plaintiffs who have no procedural vehicle to challenge their conviction.  Randell has not shown that such a procedural vehicle is lacking; he speaks only of inability to obtain habeas relief.

In the alternative, we decline to announce for the Supreme Court that it has overruled one of its decisions.

---

[3]Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994).

[4]See Jenkins v. Haubert, 179 F.3d 19, 26 (2d Cir. 1999); Shamaeizadeh v. Cunigan, 182 F.3d 391, 396 n.3 (6th Cir. 1999); and Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999).

3

We agree with the First Circuit,[5] which stated:

> We are mindful that dicta from concurring and dissenting opinions in a recently decided case, Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), may cast doubt upon the universality of Heck's "favorable termination" requirement. See id.at ----, 118 S.Ct. at 989 (Souter, J., concurring); id. at ----, 118 S.Ct. at 990 (Ginsberg, J., concurring); id. at n.8, 118 S.Ct. at 992 n.8 (Stevens, J., dissenting). The Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court "the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, ----, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997); see also Rodriguez de Quijas v. Shearson/American Express, Inc.,490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). We obey this admonition.

Figueroa v. Rivera, 147 F.3d 77, 81 n.3 (1st Cir. 1998).

### III.

For the above reasons, the judgment is AFFIRMED.

---

[5]The Ninth Circuit also follows this course. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 n.6 (9th Cir. 1998).

4