IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-20818
Conference Calendar

———————————

ALCARIO BARRIOS, JR.,

                                    Plaintiff-Appellant,

versus

JOHNNY'S SPORT SHOP; MICHAEL L. GRIGAR; JEFF ARGO; R. H.
(CURLY) WIED,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2730
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Alcario Barrios, Texas prisoner # 834396, appeals the

district court's dismissal of his 42 U.S.C. § 1983 suit under 28

U.S.C. § 1915A(b)(1) for failure to state a claim.  Barrios had

alleged that an employee of Johnny's Sport Shop sold Barrios a

shotgun knowing that Barrios was on felony probation and that the

employee entrapped Barrios into a felon-in-possession-of-a-

firearm offense.  On appeal, Barrios argues that the shop's

employee conspired with a state actor to entrap Barrios and could

———————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

thus be held liable under 42 U.S.C. § 1983, that the district court erred when it dismissed Barrios's complaint prematurely without allowing him to amend his complaint or file additional pleadings, and, liberally construed, that he cannot have his felon-in-possession conviction invalidated because the charge is still pending.

We review the district court's dismissal de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). A dismissal of a complaint for failure to state a claim is proper when, taking the plaintiff's allegations as true, it appears that no relief could be granted on the plaintiff's alleged facts. See Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999). The district court correctly determined that Barrios could not seek 42 U.S.C. § 1983 relief for an allegedly illegal search and detention on the felon-in-possession charge until that charge had been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Randell v. Johnson, 227 F.3d 300,300-01 (5th Cir. 2000), petition for cert. filed, (U.S. Dec. 26, 2000)(No. 00-1054). The district court's dismissal of Barrios's complaint under 28 U.S.C. § 1915A was not premature and was not error.

AFFIRMED.