United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10998
Conference Calendar

_____

DEL HARLAN CRANE, JR.,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS,
INSTITUTIONAL DIVISION; TEXAS DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-10

--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

　　Del Harlan Crane, Jr., Texas state prisoner # 1043557,
appeals the district court's dismissal of his civil rights action
as duplicative and therefore malicious.  We DISMISS the appeal as
frivolous.

　　The district court determined that Crane's complaint was
malicious because it duplicates the allegations of his previous

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

civil rights lawsuit. A complaint filed in forma pauperis is malicious if it duplicates the allegations of another complaint filed by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989). Because Crane has failed to brief adequately any argument that his complaint was not malicious under the standards of Pittman and Wilson, the argument is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Crane has failed to show that the district court's dismissal was error. Furthermore, Crane has failed to show that his action is not still barred under Heck v. Humphrey, 512 U.S. 477, 485-86 (1994). See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

Because Crane's appeal is without arguable merit and therefore frivolous, it is hereby DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Crane's action counts as a strike for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1995). Crane's previous civil rights action also was dismissed as frivolous. See Crane v. Scott, No. 2:99-CV-0247 (N.D. Tex. Feb. 11, 2000) (unpublished). Since Crane has now accumulated three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is

in imminent danger of serious physical injury.  See 28 U.S.C.
§ 1915(g).

    APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED; ALL OUTSTANDING
MOTIONS DENIED.