John Jason LEONARD; Valerie Leonard, Plaintiffs–Appellants,

v.

Stephen JUGE; Paul Raymond Smith, Sheriff of Pointe Coupee Parish; Buddy Joe Leonard; Peggy Leonard; Lanelle Swindler; Zurich Insurance Co., Defendants–Appellees.

No. 02–31210.

Summary Calendar

United States Court of Appeals, Fifth Circuit.

July 31, 2003.

Before SMITH, DUHÉ, and PRADO, Circuit Judges.

PER CURIAM.[1]

John and Valerie Leonard appeal from the dismissal with prejudice of their 42 U.S.C. § 1983 civil rights complaint as barred by the "favorable termination" requirement of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the dismissal without prejudice of their Louisiana tort claim. The Leonards argue that to hold a non-custodial plaintiff to the *Heck* "favorable termination" requirement effectively forecloses any mechanism of relief either on federal or state habeas review or under 42 U.S.C. § 1983.

The district court's Rule 12(c) dismissal is reviewed *de novo. See St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8 (5th Cir.2000). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.*

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other actions, the unlawfulness of which "would render a conviction or sentence invalid,[ ] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal autho-

1. Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87.

In *Randell v. Johnson,* 227 F.3d 300 (5th Cir.2000), this court applied the *Heck* "favorable termination" requirement to a noncustodial plaintiff's § 1983 complaint which challenged his extended sentence. This court has not overruled *Randell* and the Supreme Court has not overruled the applicability of the *Heck* "favorable termination" requirement to custodial and noncustodial plaintiffs alike. *See In re Dyke,* 943 F.2d 1435, 1442 (5th Cir.1991), abrogated on other grounds, *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (noting that one panel of this court is bound by the precedent of previous panels absent an intervening Supreme Court case overruling that prior precedent). The Leonards have failed to demonstrate that John Leonard's extended sentence has been invalidated by one of the methods prescribed by *Heck.*

With respect to the magistrate judge's decision not to exercise its supplemental jurisdiction over the Leonards' state law claim, the Leonards have failed to brief the issue and therefore, it is waived on appeal. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). The judgment of the magistrate judge is AFFIRMED.