United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10414
Summary Calendar
_____

TONY EDWARD POWELL,

Plaintiff-Appellant,

versus

DAVID MADDOX, MICHAEL HOUSE; CO II WILSON;
CO II HORN; BRANDON ATCHLEY

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-00280
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tony Edward Powell, former Texas inmate # 526334, appeals the

dismissal of his civil rights complaint under 28 U.S.C.

§§ 1915(e)(2) and 1915A for failure to state a claim for which

relief could be granted.  Powell's motion to amend his brief is

GRANTED.

Powell alleged that prison officials used excessive force on

him in an altercation that resulted in his loss of good time

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credits, among other things.  A prisoner attacking a disciplinary proceeding that resulted in the loss of good-time credits cannot bring a 42 U.S.C. § 1983 action seeking damages until his "conviction" in that proceeding has been expunged, reversed, or otherwise set aside.  Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Powell is unable to show that his disciplinary conviction has been set aside.  See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.  Powell's motion for the appointment of counsel is DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).