United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20529
Conference Calendar

———————————————

THOMAS A. GOODEN,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice - Institutional Division,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2272
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Thomas A. Gooden, Texas prisoner # 1151163, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He argues

that the district court erred in dismissing his complaint as

barred by the two-year statute of limitations because he was not

aware of his claim until July 29, 2000, when he was not released

as scheduled. He argues that he was required to serve more than

his five-year sentence because he did not receive credit for time

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he spent on probation from January 1993 through August 1, 1995; he raised this argument in grievances filed in 1996 and 1997. Because Gooden was aware of his claim in 1996 or 1997, but he did not file this civil action until May 24, 2002, the district court did not err in dismissing his action as barred by the two-year statute of limitations. See Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). Moreover, Gooden's action is not cognizable under 42 U.S.C. § 1983 as he has not shown that his sentences were reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

For the first time on appeal, Gooden raises claims that prison officials violated his rights under the Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments and under 18 U.S.C. §§ 241, 242, and 246. He also argues for the first time on appeal that he was denied access to the courts and that prison officials sprayed him with mace and refused to allow him to take a shower during the following 24 hours. This court will not consider claims raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Gooden's appeal is without arguable merit and, therefore, it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215,

219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of his complaint under 28 U.S.C. § 1915 and this court's dismissal of his appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Gooden is cautioned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Gooden's request for a temporary restraining order and preliminary injunction is denied.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.