UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben VERASTEGUI–GARCIA,
also known as Ruben Garcia,
Defendant–Appellant.

No. 04–40813.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 18, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Miguel A. Nogueras, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Having pleaded guilty pursuant to a plea agreement, Ruben Verastegui–Garcia ("Verastegui") appeals his sentence for being illegally present in the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b). Verastegui argues that the Government breached the plea agreement by failing to move at sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tencing for a two-level downward departure from the federal Sentencing Guidelines pursuant to U.S.S.G. § 5K3.1; that his sentence must be vacated in light of *United States v. Booker*; — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because the district court was under the impression that the Sentencing Guidelines were mandatory rather than advisory; and that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Verastegui concedes that his third argument is foreclosed by this court's precedent, but he raises the issue to preserve it for Supreme Court review.

■ Because Verastegui did not object at sentencing to the Government's alleged breach of the plea agreement, we review his argument for plain error and find none. *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir.2001). The district court was aware that the Government had recommended a departure pursuant to U.S.S.G. § 5K3.1, and the court made it clear that it had no intention of granting such a departure under any circumstances. *Reeves*, 255 F.3d at 210–11 & n. 3; *United States v. Calverley*, 37 F.3d 160, 164 (5th Cir. 1994) (en banc).

■ We review Verastegui's challenge to his sentence under mandatory Sentencing Guidelines for plain error because he did not raise the issue in the district court. *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005). We agree with Verastegui that the district court erred when it sentenced him pursuant to a mandatory guidelines system. *See Booker*, 125 S.Ct. at 750, 768–69. Nevertheless, as the record does not suggest in any way that the district court would have imposed a different sentence had it been aware that the sentencing guidelines are merely advisory, Verastegui has not met his burden of establishing plain error. *Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005).

We reject Verastegui's challenge to the constitutionality of 8 U.S.C. § 1326. *See Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. This court must follow the precedent set in *Almendarez–Torres* unless and until the decision is overruled by the Supreme Court. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir.2000)

AFFIRMED.