United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40813
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN VERASTEGUI-GARCIA,
also known as Ruben Garcia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-219-ALL
--------------------

Before HIGGINBOTHAM, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty pursuant to a plea agreement, Ruben

Verastegui-Garcia ("Verastegui") appeals his sentence for being

illegally present in the United States after having been

deported, in violation of 8 U.S.C. § 1326(a) and (b).  Verastegui

argues that the Government breached the plea agreement by failing

to move at sentencing for a two-level downward departure from the

federal Sentencing Guidelines pursuant to U.S.S.G. § 5K3.1; that

his sentence must be vacated in light of United States v. Booker,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 738 (2005) because the district court was under the impression that the Sentencing Guidelines were mandatory rather than advisory; and that 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Verastegui concedes that his third argument is foreclosed by this court's precedent, but he raises the issue to preserve it for Supreme Court review.

Because Verastegui did not object at sentencing to the Government's alleged breach of the plea agreement, we review his argument for plain error and find none. United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The district court was aware that the Government had recommended a departure pursuant to U.S.S.G. § 5K3.1, and the court made it clear that it had no intention of granting such a departure under any circumstances. Reeves, 255 F.3d at 210-11 & n.3; United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc).

We review Verastegui's challenge to his sentence under mandatory Sentencing Guidelines for plain error because he did not raise the issue in the district court. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). We agree with Verastegui that the district court erred when it sentenced him pursuant to a mandatory guidelines system. See Booker, 125 S. Ct. at 750, 768-69. Nevertheless, as the record does not suggest in any way that the district court would have imposed a different sentence had it been aware that the sentencing

guidelines are merely advisory, Verastegui has not met his burden of establishing plain error. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).

We reject Verastegui's challenge to the constitutionality of 8 U.S.C. § 1326. See Almendarez-Torres v. United States, 523 U.S. 224 (1998); Apprendi, 530 U.S. at 489-90. This court must follow the precedent set in Almendarez-Torres unless and until the decision is overruled by the Supreme Court. Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000)

AFFIRMED.