**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodrigo MENDOZA, Defendant–
Appellee.**

No. 04–41451.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for United States of America.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Houston, TX, for Rodrigo Mendoza.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Rodrigo Mendoza appeals his conviction and 20–month sentence for being unlawfully present in the United States following removal. For the first time on appeal, Mendoza argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of *United States v. Booker,* — U.S. —, ——-——, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005). He contends that the error is structural and that prejudice should be presumed.

We review for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). To obtain relief under the plain error standard, Mendoza must show: (1) that there was an error; (2) that the error was plain; and (3) the error affected his substantial rights. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Even if these requirements are met, this court has the discretion to correct the plain error and will exercise that discretion only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Mendoza's contention that the sentencing error was structural and that he thus need not show prejudice is unavailing. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*filed* (July 11, 2005)(No. 05–5297). Because there is no indication in the record, based on the district judge's remarks or otherwise, that provides any indication that the district court would likely have reached a different conclusion if sentencing under the *Booker* advisory regime, Mendoza has failed to satisfy his burden of establishing plain error. *See Mares,* 402 F.3d at 522.

Mendoza also argues, citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional. He acknowledges that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve it for possible Supreme Court review.

*Apprendi* did not overrule *Almendarez–Torres. Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation and citation omitted); *see also Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000) (noting that the Supreme Court has admonished lower courts to follow directly applicable precedent even if it appears weakened by subsequent decisions). Mendoza's argument is foreclosed.

AFFIRMED.