United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41451
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RODRIGO MENDOZA,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-291-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Rodrigo Mendoza appeals his conviction and 20-month sentence

for being unlawfully present in the United States following

removal.  For the first time on appeal, Mendoza argues that the

district court erred in imposing a sentence under a mandatory

guideline scheme, in violation of United States v. Booker,

125 S. Ct. 738, 756-57 (2005).  He contends that the error is

structural and that prejudice should be presumed.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). To obtain relief under the plain error standard, Mendoza must show: (1) that there was an error; (2) that the error was plain; and (3) the error affected his substantial rights. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Even if these requirements are met, this court has the discretion to correct the plain error and will exercise that discretion only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Mendoza's contention that the sentencing error was structural and that he thus need not show prejudice is unavailing. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005)(No. 05-5297). Because there is no indication in the record, based on the district judge's remarks or otherwise, that provides any indication that the district court would likely have reached a different conclusion if sentencing under the Booker advisory regime, Mendoza has failed to satisfy his burden of establishing plain error. See Mares, 402 F.3d at 522.

Mendoza also argues, citing Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions

of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional. He acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review.

Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted); see also Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (noting that the Supreme Court has admonished lower courts to follow directly applicable precedent even if it appears weakened by subsequent decisions). Mendoza's argument is foreclosed.

AFFIRMED.