United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60341

_____

HOUSTON COLLINS; SHARLET BELTON COLLINS; ROBERT EARL COLLINS;
VELMA JEAN COLLINS; DARRELL CALENDER; LARRY VALLIERE;
GREGORY TOLLIVER; SHERMAN TOLLIVER; DWAYNE KEMP; CHRISTOPHER
WONG WON; DETRON BENDROSS; BERNARD VERGIS; ASHLEY GRUNDY;
EDDIE YOUNGBLOOD, III; also known as 2 Live Crew, TIMOTHY
VINCENT YOUNG; PRISCILLA MORRIS; LUTHER JEFFERSON; LEE ESTER
CRUMP; LINDA CHRISTMAS,

                                        Plaintiffs - Appellants,

                         versus

FRANK AINSWORTH; ET AL,

                                                Defendants,

FRANK AINSWORTH; COPIAH COUNTY SHERIFF'S DEPARTMENT; COPIAH
COUNTY, MISSISSIPPI; HINDS COUNTY SHERIFF'S DEPARTMENT; RANKIN
COUNTY SHERIFF'S DEPARTMENT,

                                        Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
USDC No. 3:01-CV-81

_____

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[1]

     This appeal arises from an allegedly unconstitutional
roadblock that occurred on June 4, 2000 in Copiah County,
Mississippi. In the present appeal the plaintiffs seek review of

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of injunctive relief provided in separate orders granting summary judgment for two separate groups of defendants. The first, granted on March 15, 2005, dismissed all claims by all plaintiffs against the Hinds County Sheriff's Department and the Rankin County Sheriff's Department (collectively "the Hinds and Rankin County Defendants"). The second summary judgment, granted on March 18, 2005, dismissed all claims of five of the plaintiffs[2] (collectively "the convicted plaintiffs") against Frank Ainsworth and the Copiah County Sheriff's Department (collectively "the Copiah County Defendants"). We find no error in the denial of injunctive relief in either ruling and thus affirm the orders of the district court. The reasoning for each summary judgment is stated below.[3]

I

The March 15, 2005 order granting summary judgment for the Hinds and Rankin County Defendants states clearly that it is denying the plaintiffs' request for injunctive relief. Thus there is no question as to our jurisdiction to review the plaintiffs'

---

[2] Specifically the five plaintiffs were: Greg Tolliver, Sherman Tolliver, Priscilla Morris, Larry Valliere, and Luther Jefferson.

[3] We note that the parties differ on the appropriate standard of review -- i.e., whether we review de novo since this is an appeal of a summary judgment, see Facility Insurance Corp. v. Employers Ins. of Wausau, 357 F.3d 508, 512 (5th Cir. 2004); or for abuse of discretion since we are considering the denial of injunctive relief, see Peaches Entertainment Corp. v. Entertainment Repertoire Associates, Inc., 62 F.3d 690, 693 (5th Cir. 1995). Under either standard the district court committed no error.

appeal.  See 28 U.S.C. § 1292(a)(1) (granting appellate jurisdiction where there has been an interlocutory denial of injunctive relief).

The plaintiffs have presented no evidence that any of the Hinds and Rankin County Defendants committed any constitutional violation.  In both their brief and at oral argument, plaintiffs conceded that the sheriffs of Hinds and Rankin Counties had no knowledge of any alleged unconstitutional purpose or actions relating to the June 4 roadblock.  Additionally plaintiffs concede that at all times the deputies of the Hinds and Rankin County Defendants were acting under the control, authority, and policy of the Copiah County Sheriff's Department, having been deputized as Copiah County deputies for the purposes of the roadblock.  Thus the only basis of plaintiffs' claim is that the sheriffs of Hinds and Rankin Counties responded to the request of the Copiah County Sheriff for assistance.  This act alone is insufficient for the injunction sought against these defendants, and the denial of injunctive relief as to the Hinds and Rankin County Defendants is thus affirmed.

II

With respect to the March 18, 2005 order, the denial of injunctive relief was not explicit and the appellants challenge our jurisdiction.  Nevertheless, we find that this order granting summary judgment in favor of the Copiah County Defendants dismissing the claims of the convicted plaintiffs denied "all

3

relief," and thus necessarily rejected the convicted plaintiffs' claim for an injunction. As such this court has jurisdiction to consider the convicted plaintiffs' appeal of the denial of injunctive relief. See 28 U.S.C. § 1292(a)(1).

The district court properly rejected the convicted plaintiffs' § 1983 claims seeking injunctive relief against the Copiah County Defendants based on the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). The convicted plaintiffs contend that because they each were only fined, and not confined, as a result of their convictions, neither habeas nor any other procedural avenue is available for challenging their convictions; and consequently their situation presents an exception to the Heck doctrine. This contention is barred by Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (rejecting the view that Heck should be relaxed for "plaintiffs who have no procedural vehicle to challenge their conviction."). Because the plaintiffs failed to raise any challenge to the convictions arising from the June 4 roadblock, the Heck requirement has not been satisfied and the convicted plaintiffs' § 1983 claims, including their claim for injunctive relief, cannot proceed. Thus the district court was not in error in dismissing the convicted plaintiffs' claim for injunctive relief.

For these reasons the district court's orders of March 15 and 18, 2005, denying injunctive relief, are

AFFIRMED.