RENDELL, J.,
concurring:
While I agree with the majority that our precedent dictates that we must reject James Deemer’s argument, I believe that the principles that animated the Supreme Court’s opinion in Heck should lead to a different result, were the Court to consider the issue anew in the fact pattern before us.
In Heck, the majority noted that the issue presented was at the intersection of the habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (“This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation — [ ] 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation.”) A concern was expressed that permitting suits via § 1983 without the favorable termination of the conviction would lead to inconsistent results. Id. at 484-85, 114 S.Ct. 2364. That is, an award of damages for wrongful incarceration would be inconsistent with the fact of the prisoner’s ‘lawful’ incarceration.
However, these concerns disappear once the defendant is no longer incarcerated. *168 Not only does the possibility of inconsistent results disappear, but as some of our sister courts of appeals have noted, it could be said that fairness mandates that a former prisoner, who no longer has habeas review available, should be permitted via § 1983 to seek recourse for alleged violations of his rights. See infra Cohen v. Longshore, 621 F.3d 1311, 1316-17 (10th Cir.2010); Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir.2008); Powers v. Hamilton Cnty. Pub. Defender Comm’n, 501 F.3d 592, 603 (6th Cir.2007). Given the scope and history of § 1983 as designed to redress constitutional violations, I think that fairness is a persuasive consideration.
A judgment in Deemer’s favor, post-release, would only vindicate his rights in the face of unlawful state action — serving the exact purpose of § 1983 — not create the inconsistent result of continued incarceration and a favorable civil judgment. Absent the availability of § 1983, a former prisoner is left with no recourse through no fault of his own. As Justice Ginsberg noted, such individuals “fit within § 1983’s broad reach.” Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (Ginsberg, J., concurring) (internal quotations omitted). Why should the former prisoner be denied even the opportunity for such vindication?
As the majority notes, reasonable minds differ as to the reach of Heck. Compare Wilson, 535 F.3d at 267 (“[W]e are left with no directly applicable precedent upon which to rely.”) to Randell v. Johnson, 227 F.3d 300, 301 (5th Cir.2000) (Heck directly applicable as a bar to former prisoner’s § 1983 action). I, for one, believe that it should not reach to deny Mr. Deemer the opportunity for vindication via § 1983. Even so, until the Supreme Court decides this issue, we will continue to hold that Heck’s majority, and not the “cobbled-together” group of judges who have expressed concern regarding the denial of § 1983 relief for someone in Mr. Deemer’s position, must dictate the fate of persons like Mr. Deemer. Thus, I concur in the result.