# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51259

HAROLD L. RYALS,

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

ATTORNEY GENERAL OF TEXAS; MIDLAND COUNTY; CHERYL
BECKER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:14-CV-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Harold L. Ryals, Texas prisoner # 1940539, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his complaint under 42 U.S.C. § 1983 for failure to state a claim. In the district court, Ryals consented to having his § 1983 complaint adjudicated before a magistrate judge. In relevant part, the magistrate judge determined that Ryals's claims against the Attorney General of Texas regarding his two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior convictions for failing to register as a sex offender were barred by the rule established in *Heck v. Humphrey*, 512 U.S. 477 (1994). Further, as to Midland County, the magistrate judge found Ryals's allegations insufficient to support a claim of municipal liability under § 1983. Finally, as to Cheryl Becker, the magistrate judge concluded that she was entitled to qualified immunity, in part because Ryals failed to demonstrate any constitutional violations.

By filing in this court a motion for leave to proceed IFP, Ryals is challenging the magistrate judge's determination that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court's inquiry into Ryals's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If it is apparent that an appeal would be meritless, we may dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

In support of his motion for leave to proceed IFP, Ryals contends, *inter alia*, that his claims fall within an exception to the rule established in *Heck*. He also asserts that his conviction has been "called into question" by a state district court. Finally, he claims that habeas relief is unavailable, and thus his § 1983 complaint is the only avenue left for him to pursue his claims.

Ryals's arguments here are unavailing, as no exception to the *Heck* rule applies in this case. Ryals cites a number of cases in support of his argument that an exception applies. However, the cases are entirely inapposite to the present issue, and, indeed, the cases make no mention of the *Heck* rule. In addition, Ryals's assertion that his conviction has been "called into question," thus satisfying the *Heck* condition, is entirely without support. Thus, because

there is no evidence showing that Ryals's convictions have been reversed or otherwise called into question, save for his unsupported assertions, Ryals's claims are barred by *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Finally, this court has rejected Ryals's argument that his asserted inability to obtain habeas relief is an exception to the *Heck* rule. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that inability to obtain habeas relief did not serve as an exception to the *Heck* rule). Moreover, Ryals has only alleged an inability to obtain habeas relief; he has not asserted that he has no procedural vehicle to challenging his convictions. *See id.*

Addressing the dismissal of his claims against Midland County based on the failure to allege municipal liability, Ryals argues that the magistrate judge was wrong to apply a heightened pleading standard to his pro se complaint. Even liberally construed, Ryals fails to state a claim of municipal liability as to Midland County. Put simply, Ryals's challenge to Midland County's enforcement of the Texas Sex Offender Registration Program is an indirect challenge to his convictions for failing to register as a sex offender, and accordingly, the challenge is barred by *Heck*. *See Heck*, 512 U.S. at 486-87.

Next, as to the magistrate judge's dismissal of his § 1983 suit against Becker, Ryals makes no argument challenging the magistrate judge's conclusion that qualified immunity precluded the claim against Becker that she unlawfully denied him access to documents in his juvenile case. Thus, Ryals does not address the "trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. Although pro se briefs are afforded liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 14-51259

We need not address Ryals's remaining arguments, which are directed at the magistrate judge's alternative holdings. The balance of Ryals's remaining arguments necessarily imply the invalidity of his convictions for failing to register as a sex offender. Thus, his claims are barred by *Heck* and are not cognizable in a § 1983 action until the *Heck* condition is satisfied. *See Heck*, 512 U.S. at 486-87; *Cronn v. Buffington*, 150 F.3d 538, 541 & n.2 (5th Cir. 1998). Additionally, Ryals fails to address the district court's reasoning for dismissing his Eighth Amendment claim, thus raising no issue for appeal. *See Brinkmann*, 813 F.2d at 748.

In view of the foregoing, Ryals has not shown that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Our dismissal of Ryals's appeal as frivolous and the district court's dismissal of his civil rights suit count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We warn Ryals that if he accumulates a third strike pursuant to § 1915(g) he will be barred from proceeding IFP while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.