# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60399

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2016

Lyle W. Cayce
Clerk

CHARLES TORNS, JR.,

Plaintiff–Appellant,

versus

STATE OF MISSISSIPPI;
HALEY BARBOUR, Governor for the State of Mississippi;
MALCOLM E. MCMILLIN, Sheriff for Hinds County;
BARBARA DUNN, Hinds County Circuit Court Clerk;
W. SWAN YERGER, Chief Circuit Court Judge for Hinds County;
HINDS COUNTY SUPERVISOR;
MISSISSIPPI DEPARTMENT OF CORRECTIONS;
CHRISTOPHER B. EPPS,
   Commissioner for Mississippi Department of Corrections;
EMMITT L. SPARKMAN,
   Deputy Commissioner for Mississippi Department of Corrections;
GLORIA GIBBS,
   Director of Records for Mississippi Department of Corrections;
CONNIE SMITH, Case Manager Supervisor
   for Southern Mississippi Correctional Institute;
JOHN AND JANE DOES, Liability and Insurers for Each Defendant,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-260

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

No. 15-60399

PER CURIAM:[*]

Charles Torns, Jr., a former Mississippi prisoner, requests leave to proceed *in forma pauperis* ("IFP") on appeal of the denial of his motion seeking relief from the judgment dismissing his civil rights action, in which he claimed that he had been improperly denied credit for time he had served in jail before trial and therefore had been imprisoned in violation of his constitutional rights. In his post-judgment motion, which the district court construed as a motion under Federal Rule of Civil Procedure 60(b)(2) and dismissed as untimely, Torns asserted that he had newly discovered evidence regarding corruption charges directed at one of the defendants and that his claim was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

By moving for leave to proceed IFP, Torns challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Torns's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Torns contends that the district court erroneously dismissed his Rule 60(b)(2) motion, which was based on his recent discovery that defendant Epps had been arrested on federal charges. He also maintains that *Heck* does not bar him from obtaining relief in the underlying civil action, because he is not seeking damages for an unlawful criminal conviction or sentence but, instead, is asserting that he is entitled to relief based on the improper denial of jail-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time credits.  We review the denial of a Rule 60(b) motion for abuse of discretion.  *See In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

As the district court determined, the Rule 60(b)(2) motion was untimely because it was filed more than a year after judgment.  *See* FED. R. CIV. P. 60(c)(1).  Additionally, because the basis for the dismissal of the civil action was that it was barred under *Heck*, the newly discovered evidence "would not have changed the result."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).  Finally, as shown by *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000), Torns's contention that *Heck* does not bar his claim regarding jail-time credits is insufficient to establish that there is a nonfrivolous issue for appeal from the denial of the Rule 60(b) motion, which does not bring the underlying judgment up for review.  *See Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

Because Torns's appeal does not involve legal points arguable on their merits, *see Howard*, 707 F.2d at 220, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Torns's motion for appointment of counsel is DENIED.  *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).  In view of the dismissal of the appeal, Torns's motion for a ruling on the IFP motion and on the motion to appoint counsel before the filing of his brief or, in the alternative, for an extension of time to file it, is DENIED as moot.