# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2016

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

TRENT BRIGNAC; BRENT COREIL; EDDIE SOILEAU; JUDGE GARY ORTEGO, Evangeline Parish; LARRY VIDRINE, former Judge, Evangeline Parish; J. CRAIG ORTEGO; RAYMOND LEJEUNE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-2835

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

In February 2000, Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to aggravated oral sexual battery and was sentenced to ten years of imprisonment. He completed his sentence and now has filed a civil rights complaint, seeking injunctive and declaratory relief and monetary damages, alleging that the defendants violated his constitutional rights, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30452

part, by failing to disclose a statement from the victim in his aggravated oral sexual battery conviction.  The district court dismissed Lavergne's complaint as frivolous and for failure to state a claim upon which relief could be granted, determining, in part, that the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A district court is required to dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim upon which relief could be granted.  28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  We review de novo the district court's dismissal of Lavergne's § 1983 complaint as frivolous and for failure to state a claim under § 1915A and § 1915(e).  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Lavergne renews his claims against the defendants and contends that the district court erred in dismissing his complaint.  Contrary to Lavergne's assertions, he has not overcome the *Heck* bar.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).  Lavergne's claims arise out of the aggravated oral sexual battery prosecution, and they reflect his view that his prosecution and guilty plea for aggravated oral sexual battery was tainted by the defendants' actions.  If the district court were to award Lavergne relief as to any of these claims, it would implicitly call into question the validity of his 2000 conviction for aggravated oral sexual battery.  *See Heck*, 512 U.S. at 487.  Additionally, *Heck* is applicable even though Lavergne has served the entirety of his aggravated oral sexual battery sentence.  *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).  Accordingly, Lavergne has not shown that the district court erred in dismissing his § 1983 complaint.

Lavergne's appeal lacks an arguable basis in law or fact, and, thus, it is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  Lavergne's motion for leave to file a supplemental brief in which he attempts to submit new evidence and

No. 15-30452

raise new issues is DENIED.  *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 & n.26 (5th Cir. 1999).

Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court's dismissal of Lavergne's complaint counts as one strike, and the dismissal of this appeal as frivolous counts as an additional strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996). Lavergne previously filed § 1983 complaints that the district court dismissed as frivolous and for failure to state a claim, which counted as strikes.  He now has accumulated at least three strikes for purposes of § 1915(g) and is prohibited from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Additionally, we WARN Lavergne that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).  Lavergne is advised to review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; 28 U.S.C. § 1915(e) BAR IMPOSED; SANCTION WARNING ISSUED