# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

No. 19-31017
Summary Calendar

PAUL POUPART,

Plaintiff-Appellant

v.

JEFFREY LANDRY, Attorney General of Louisiana; JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JON A. GEGENHEIMER, Clerk of Court, 24th Judicial District; CORNELIUS REGAN, 24th Judicial District Court Judge,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-328

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Poupart, Louisiana prisoner # 357073, appeals from the district court's dismissal with prejudice under 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-31017

He also moves for a stay of the district court's judgment pending appeal. His motion for a stay is denied.

The district court's dismissal was based on its determination that Poupart's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We review that dismissal de novo using the standard applied in Federal Rule of Civil Procedure 12(b)(6). *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir.), *cert. denied*, 140 S. Ct. 250 (2019). Poupart's § 1983 claim, if successful, would necessarily demonstrate the invalidity of his conviction and sentence. Because he has not shown that his conviction or sentence have been reversed or invalidated, the district court correctly determined that his claim was barred by *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

On appeal, Poupart offers various arguments challenging many of the underlying bases for applying the *Heck* bar to state prisoners like him. These arguments are all refuted, either directly or indirectly, by *Heck* and the Supreme Court's related line of cases. To the extent that Poupart challenges those holdings, we are bound to follow them. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). The district court's judgment is affirmed.

The district court's dismissal of Poupart's complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, __, 135 S. Ct. 1759, 1762-64 (2015). Poupart is cautioned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION FOR STAY DENIED; SANCTION WARNING ISSUED.