# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2021

Lyle W. Cayce
Clerk

No. 19-40860
Summary Calendar

Jesus Torres Garcia,

*Plaintiff—Appellant*,

*versus*

Harlingen County, Brownsville, Texas, Cameron County Courthouse; Public Defenders Office,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CV-58

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Jesus Torres Garcia, Texas prisoner # 2105760, has appealed the dismissal of his civil rights action, raising claims related to his 2016 conviction for indecency with a child by contact. A prisoner's civil rights complaint may

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40860

be dismissed at any time if it is frivolous or fails to state a claim on which relief may be granted, whether or not the prisoner is proceeding in forma pauperis. *See* 28 U.S.C. § 1915A. Our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Torres Garcia contends in conclusional fashion that his rights to due process, equal protection, and assistance of counsel were violated during his criminal prosecution. He asserts that the allegations against him were libelous, that his reputation was damaged, and that his wrongful conviction will result in his deportation.

The claims raised in Torres Garcia's complaint are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a ruling in his favor as to any of these claims would implicate the validity of his conviction and incarceration and because Torres Garcia has not shown that his conviction or sentence has been reversed, invalidated, or expunged. The claims are not temporally and conceptually distinct from his conviction and sentence. *See Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018). Thus, the district court did not err in dismissing Torres Garcia's complaint as frivolous, *see Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996), and for failure to state a claim, *see Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). However, the judgment is modified to reflect the "preferred order of dismissal in *Heck* cases," which states that the "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (internal quotation marks and citation omitted).

AFFIRMED AS MODIFIED.