

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Hunt v. Scranton

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hunt v. Scranton" (2007). *2007 Decisions.* Paper 998.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/998

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-241                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 06-4381 & 06-4975 (CONS.)
_____

HAROLD HUNT,

Appellant

v.

CITY OF SCRANTON; LACKAWANNA COUNTY; MICHAEL BARRASSE;
CHRISTOPHER CAPUTO; ANDREW J. JARBOLA, III; FRANK SANTAMAURO,
ESQ.; ROBERT J. MCCORMACK; TRISH CORBET; JAMES M. MUNLEY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00069)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 24, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 6, 2007)
_____

OPINION
_____

PER CURIAM

Harold Hunt appeals from the district court's orders dismissing his complaint filed

under 42 U.S.C. § 1983 with prejudice and denying his subsequent motion for relief

under Federal Rule of Civil Procedure 60(b).  For the reasons that follow, we will summarily affirm the district court's orders.

In January 2003, Hunt filed a § 1983 complaint against the City of Scranton, Lackawanna County, and four named—but unidentified—defendants in the district court.[1]  Later that month, the district court granted Hunt leave to proceed in forma pauperis ("IFP") and dismissed his complaint as frivolous prior to service under 28 U.S.C. § 1915(e)(2)(B)(i).  Hunt appealed.  In a per curiam opinion, we vacated the district court's order and remanded the case for further proceedings.  We reasoned that the district court had prematurely dismissed Hunt's claims as being barred by the rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[2]  The case was then reassigned to District Judge Thomas I. Vanaskie who ordered that Hunt file an amended complaint.  In his amended complaint, filed in June 2004, Hunt alleged that he was challenging a

---

[1]     In his amended complaint, Hunt claimed that the following federal statutes were also violated: the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 and 42 U.S.C. §§ 1981, 1985, and 1986.  First, Hunt's amended complaint did not allege any interference with business or property interests prohibited by RICO.  See 18 U.S.C. § 1964(c).  Second, Hunt's additional claims are plainly inapplicable because he has not alleged any private acts of racial discrimination, see Young v. Int'l Tel. & Tel. Co., 438 F.2d 759, 760 (3d Cir. 1971) (construing § 1981), invidious class-based discriminatory animus, see Farber v. City of Paterson, 440 F.3d 131, 134-43 (3d Cir. 2006) (construing § 1985(3)), or knowledge of a § 1985 conspiracy, see Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (construing 42 U.S.C. § 1986).  Thus, we confine our analysis to § 1983.

[2]     In our opinion remanding this case, we emphasized that we did not decide whether Hunt's claims were barred by Heck.  Rather, we decided only that the allegations of Hunt's complaint were insufficient, at the time, to determine whether his claims were barred by Heck.

January 1993 arrest for possession of a controlled substance. Liberally construing the complaint, he asserted that the defendants' actions violated his constitutional rights causing him to suffer an unconstitutional incarceration and loss of liberty. He also alleged that the defendants conspired to interfere with various aspects of his trial and appellate rights. Hunt sought declaratory relief and compensatory and punitive damages.

In August 2006, the district court scheduled a final pre-trial conference between the defendants and Hunt. Hunt was ordered to provide the district court with a pre-trial memorandum, but failed to do so. Hunt also failed to initiate a conference with defense counsel, as he was directed, and, most importantly, failed to ultimately attend the pre-trial conference itself. Referring to the transcript of the pretrial conference, the district court issued an order on September 7, 2006, dismissing Hunt's action with prejudice for failure to prosecute. In the alternative, the court also determined that Hunt failed to state a claim upon which relief could be granted under both Heck and the applicable statute of limitations. Hunt filed a timely notice of appeal and a motion under Federal Rule of Civil Procedure 60(b). In his Rule 60(b) motion, Hunt alleged that he had not attended the pre-trial conference due to a severe illness. On November 1, 2006, the district court rejected Hunt's motion determining that he had failed to show sufficient a reason to vacate the court's dismissal for failure to prosecute. The district court also reiterated that Hunt's complaint was deficient under Heck. Hunt filed a second timely notice of appeal.[3]

_____

[3] Hunt has been granted leave to proceed in forma pauperis in each of his appeals and we have consolidated them for the purposes of our disposition. We have jurisdiction

3

Because this appeal presents us with no "substantial question," we will summarily affirm the district court's orders for the reasons contained herein. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

## II.

## A.

We have enumerated six factors for assessing the propriety of punitive dismissals:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "[N]ot all of the Poulis factors need be satisfied in order to dismiss a complaint." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); see also Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992). But before dismissing an action, a district court is required to make explicit findings regarding the factors enumerated in the Poulis decision. See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (2003) ("we have always required consideration and balancing of *all six* of the factors [by the district court]") (emphasis in original); see also Poulis, 747 F.2d

_____

over this appeal pursuant to 28 U.S.C. § 1291. Where a district court has dismissed a case under Federal Rule of Civil Procedure 41(b) because of the plaintiff's failure to prosecute or comply with an order of court, we review the dismissal for abuse of discretion. See Adams v. Trs. of the N.J Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir.1994).

4

at 868 ("we will be guided by the manner in which the trial court balanced the . . . factors.").

In determining whether the district court abused its discretion, the role of an appellate court is to determine whether the district court properly balanced the Poulis factors and whether the record supports its findings. See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989); see also Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). In its dismissal under Rule 41(b), the district court did not balance the Poulis factors. Thus, while we hold that the district court abused its discretion in dismissing the amended complaint for failure to prosecute, see Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (explaining when abuse of discretion exists), we will summarily affirm because, for the reasons given by the district court, Hunt fails to state a claim upon which relief can be granted. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (concluding that even if a complaint is incorrectly dismissed for failure to prosecute, this court may affirm on the merits where the complaint fails to state a claim).

B.

Even assuming that the district court abused its discretion, Hunt's claims are barred by the favorable-termination rule of Heck and by the applicable statute of

5

limitations.[4] As the district court noted, to the extent that Hunt's arguments concern the invalidity of his underlying conviction and sentence, his claims merited dismissal because he put forth no evidence that his prior conviction has been declared invalid. In Heck, the Supreme Court held that "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under 42 U.S.C. § 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87; see also Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Neither Hunt's amended complaint nor any of his other filings allege that the conviction and sentence about which he now complains was ever reversed, expunged or declared invalid by any court or adjudicative body. Hunt failed to establish, despite numerous opportunities to do so, the existence of a prima facie § 1983 claim.

---

[4] In its order denying Hunt's Rule 60(b) motion the district court noted that Hunt is no longer in custody. There is some question in the courts of appeals about whether—and the extent to which—the Supreme Court's decision in Spencer v. Kemna, 523 U.S. 1 (1998), implies that Heck's favorable-termination requirement applies only to prisoners who can bring petitions for habeas relief. Compare Huang v. Johnson, 251 F.3d 65 (2d Cir. 2001), with Randall v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). Given that Hunt was incarcerated at the time he filed his § 1983 complaint—and thus able at the time to avail himself of habeas corpus relief—and since our court has not indicated a belief that Heck's favorable-termination requirement has been undermined by Spencer, we need not analyze this issue. See Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) (citing Gilles v. Davis, 427 F.3d 197, 210-11 (3d Cir. 2005)).

Thus, the district court correctly determined that Hunt's amended complaint was <u>Heck</u>-barred.

In the alternative, if <u>Heck</u> does not apply to the remainder of Hunt's claims—because they do not challenge Hunt's underlying conviction and sentence[5]—they are barred by the applicable statute of limitations. <u>See</u> <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in <u>Heck</u> which necessarily implicate the validity of a conviction or sentence."). Here, the applicable statute of limitations is that governing personal injury claims in Pennsylvania. <u>See</u> <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1094 (2007); <u>see also</u> <u>Urrutia v. Harrisburg County Police Dep't</u>, 91 F.3d 451, 457 n.9 (3d Cir. 1996). Therefore, Hunt had two years from the time his cause of action accrued in which to file his complaint. <u>See</u> <u>Urrutia</u>, 91 F.3d at 457 n.9 (citing Pa. Con. Stat. § 5524). Although state law determines the limitations period, the accrual date of a § 1983 claim is solely a question of federal law under which accrual occurs when a plaintiff has a "complete and present cause of action," namely, when a plaintiff "can file a suit and obtain relief." <u>Wallace</u>, 127 S. Ct. at 1095 (quoting <u>Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201 (1997)). Hunt's claims

---

[5] The district courts are charged with determining with regard to each claim whether it—if successful—would imply the invalidity of the conviction or sentence. <u>See</u> <u>Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Div. of State Police</u>, 411 F.3d 427, 447-49 (3d Cir. 2005). Here, the district court specifically refined its <u>Heck</u> analysis to Hunt's claim of interference with his trial and appellate rights.

accrued when he appeared before a magistrate and was bound over for trial or arraigned on charges.  See id. at 1097.  Although the precise date when this occurred is not given in Hunt's amended complaint, his claims are predicated upon an arrest in 1993.  It is, therefore, certain that these claims accrued well-prior to Hunt's 2003 complaint.[6]

While we conclude that the district court improperly dismissed Hunt's § 1983 claim for failure to prosecute, we will affirm the district court's order dismissing Hunt's complaint.  We also conclude that the district court properly denied Hunt's post-judgment motion under Rule 60(b).  Accordingly, because this consolidated appeal presents us with no substantial question, we will summarily affirm each of the district court's orders.  See 3d Cir. LAR 27.4 and I.O.P. 10.6

---

[6]    Wallace concerned a plaintiff who sued police officers for false arrest, which the court analogized for accrual purposes to the common-law tort of false imprisonment. See 127 S. Ct. at 1095-96.  The Wallace Court held that the "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 1100.