# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2015

Lyle W. Cayce
Clerk

HAROLD JOE BLACK,

Plaintiff–Appellant,

v.

DON HATHAWAY; ALLEN HARRIS; MAGISTRATE JUDGE  HORNSBY;
JUDGE  HICKS; J. RANSDELL KEENE; DONNA HALL; CARL TYLER;
STEVE JOE; RICK FARRIS; APRIL WRIGHT; WILLIAM D. HALL;
RICHARD STALDER; JAMES LEBLANC; JUDGE  MARCOTTE; CHARLES
REX SCOTT; KARELIN BARBER; MAX WELL; ASSISTANT DISTRICT
ATTORNEY  STEWART,

Defendants–Appellees.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-822

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30831

Harold Joe Black's 42 U.S.C. § 1983 complaint was dismissed on the ground that the favorable-termination rule articulated in *Heck v. Humphrey*[1] bars his suit. Black, a former prisoner, argues that the favorable-termination rule does not apply because he can no longer bring a petition for writ of habeas corpus as he is no longer in custody. We affirm.

## I

Black was convicted of the distribution of cocaine in Louisiana state court and was released from custody in 2013. While in custody, his conviction was affirmed on appeal,[2] and he made numerous unsuccessful applications for state post-conviction[3] and federal habeas corpus[4] relief.

After his release from custody, Black, pro se, filed the present case. Although the complaint is styled as making claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, the operative portion of the complaint alleges only § 1983 violations. In short, the complaint alleges numerous state and federal officials, as well as appointed counsel, violated Black's constitutional rights in connection with Black's arrest, trial, and efforts to obtain appellate and post-conviction relief.

---

[1] 512 U.S. 477 (1994).

[2] *State v. Black*, 786 So. 2d 289 (La. Ct. App. 2001), *writ denied*, 815 So. 2d 831 (La. 2002).

[3] *State ex rel. Black v. State*, 135 So. 3d 632, *reconsideration denied by*, 148 So. 3d 573 (La. 2014); *State ex rel. Black v. State*, 124 So. 3d 1094 (La. 2013); *State ex rel. Black v. State*, 98 So. 3d 818 (La. 2012); *State ex rel. Black v. State*, 98 So. 3d 336 (La. 2012); *State ex rel. Black v. Black*, 98 So. 3d 304 (La. 2012); *State ex rel. Black v. State*, 42 So. 3d 400, *reconsideration denied by*, 50 So. 3d 821 (La. 2010); *State ex rel. Black v. State*, 25 So. 3d 793, *reconsideration denied by*, 27 So. 3d 288 (La. 2009); *State ex rel. Black v. State*, 15 So. 3d 1008 (La. 2009); *State ex rel. Black v. State*, 977 So. 2d 927, *reconsideration denied by*, 979 So. 2d 1274 (La. 2008); *State ex rel. Black v. State*, 904 So. 2d 738 (La. 2005); *State ex rel. Black v. State*, 904 So. 2d 725 (La. 2005); *State ex rel. Black v. State*, 891 So. 2d 672, *reconsideration denied by* 903 So. 2d 440 (La. 2005); *State ex rel. Black v. State*, 887 So. 2d 468 (La. 2004).

[4] *Black v. Warden*, No. 10-94-P, 2013 WL 1003526 (W.D. La. Mar. 13, 2013); *Black v. Warden*, No. 11-31209 (5th Cir. June 5, 2012); *Black v. Warden*, No. 09-30517 (5th Cir. Jan. 26, 2010); *Black v. Warden*, No. 05-30396 (5th Cir. Apr. 12, 2006).

No. 14-30831

Black's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636. The magistrate recommended that the case be dismissed with prejudice. The magistrate concluded that Black's § 1983 claims were barred by the favorable-termination rule articulated in *Heck v. Humphrey*. Alternatively, the magistrate concluded that certain claims would be barred by prosecutorial and judicial immunity and that other claims failed because Black's appointed attorneys were not state actors within the meaning of § 1983. The district court agreed with the magistrate's recommendation, dismissed Black's suit with prejudice, and sanctioned Black.

## II

In *Heck*, the Supreme Court addressed the intersection between § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.[5] The Court established the favorable-termination rule:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[6]

However, *Heck*'s favorable-termination rule does not bar a § 1983 suit when "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff."[7]

*Heck* involved a prisoner who was in custody when his § 1983 suit was filed.[8] Thus, the prisoner in *Heck* had the ability to petition for a writ of habeas

---

[5] 512 U.S. at 480.

[6] *Id.* at 486-87

[7] *Id.* at 487.

[8] *Id.* at 478.

corpus, and if successful, use the writ to satisfy the favorable-termination requirement. However, the Court stated that the favorable-termination rule also applied to "former state prisoners who, because they are no longer in custody, cannot bring postconviction challenges."[9]

Black's argument is narrow. He does not contend that his § 1983 claims are the type that ordinarily fall outside of *Heck*'s ambit,[10] i.e., claims that "will *not* demonstrate the invalidity" of a plaintiff's conviction.[11] Rather, because he is no longer in custody and therefore cannot seek habeas relief to satisfy the favorable-termination rule, Black contends that the rule does not apply to his § 1983 claims. He contends that in *Spencer v. Kemna*,[12] the Supreme Court retreated from applying the favorable-termination rule to plaintiffs who are no longer in custody.

In *Spencer*, the Court concluded that a petition for writ of habeas corpus challenging a revocation of parole was moot because the petitioner had "completed the entire term of imprisonment underlying the parole revocation."[13] Spencer argued, *inter alia*, that *Heck*'s requirement that he prevail in habeas to bring a § 1983 claim prevented his federal habeas petition from being moot.[14] The Court rejected this argument, noting that *Heck* would

---

[9] *Id.* at 490 n.10 ("We think the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

[10] *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citation omitted)).

[11] *Heck*, 512 U.S. at 487.

[12] 523 U.S. 1 (1998).

[13] *Id.* at 3, 18.

[14] *Id.* at 17.

not apply to bar a § 1983 claim by Spencer that "did not 'necessarily imply the invalidity of' the [parole] revocation."[15]

The majority opinion did not address the application of *Heck*'s favorable-termination rule to an individual, like Spencer, who had been released from custody.[16] However, in a concurring opinion joined by four Justices, Justice Souter stated that "*Heck* did not hold that a released prisoner [must satisfy the favorable-termination rule to bring] a § 1983 claim," noting that "*Heck* did not present such facts."[17] Further, in a dissent, Justice Stevens stated that "given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as [the concurrence] explains, that he may bring an action under 42 U.S.C. § 1983."[18] Therefore, five members of the Court, in dicta, indicated that *Heck*'s favorable-termination rule never applies to former prisoners who are no longer in custody. Subsequently, in *Muhammad v. Close*, the Court stated that this issue is unsettled.[19]

Several circuit courts have concluded that *Spencer* compels the conclusion that *Heck*'s favorable-termination rule does not apply to a § 1983 suit by a plaintiff who is no longer in custody.[20] However, in *Randell v. Johnson*, this court disagreed, concluding that in *Heck*, the court reached an "unequivocal[]" holding.[21] We acknowledged the "dicta from concurring and

---

[15] *Id.* at 17 (quoting *Heck*, 512 U.S. at 487).

[16] *See id.*

[17] 523 U.S. at 19 (SOUTER, J., concurring).

[18] *Id.* at 25 n.8 (STEVENS, J., dissenting).

[19] 540 U.S. 749, 752 n.2 (2004) (per curiam).

[20] *Cohen v. Longshore*, 621 F.3d 1311, 1315-17 (10th Cir. 2010); *Wilson v. Johnson*, 535 F.3d 262, 265-68 (4th Cir. 2008); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 599-603 (6th Cir. 2007); *Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003); *Nonnette v. Small*, 316 F.3d 872, 875-77 (9th Cir. 2002); *Huang v. Johnson*, 251 F.3d 65, 73-75 (2d Cir. 2001); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999).

[21] *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam).

dissenting opinions in *Spencer*" but "decline[d] to announce for the Supreme Court that it has overruled one of its decisions."[22]

Black acknowledges that we rejected his argument in *Randell*, but nonetheless encourages us to allow his § 1983 suit to proceed. Under the well-settled Fifth Circuit rule of orderliness, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."[23] *Spencer* preceded this court's decision in *Randell*,[24] so *Spencer* is not an intervening change in the law.

On the other hand, *Muhammad*, was decided after *Randell*.[25] We recognize that *Muhammad* comes into tension with our decision in *Randell*. *Muhammad* indicates that *Heck*'s statement that the favorable-termination rule applies to former prisoners is dicta; *Randell*, in contrast, relied on the fact that the *Heck* court reached an "unequivocal[]" holding to conclude that the rule that extended to former prisoners.[26] But *Muhammad* only stated that the application of the favorable-termination rule after a prisoner's release remains *unsettled*.[27] *Muhammad* failed to effect a change in the law that would allow this panel to revisit the court's decision in *Randell*.[28] Therefore, Black's argument that *Heck* does not bar his § 1983 suit is unavailing.

---

[22] *Id.*; *accord Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006); *Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998).

[23] *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

[24] *See Spencer*, 523 U.S. 1 (decided March 3, 1998); *Randell*, 227 F.3d 300 (decided September 26, 2000).

[25] *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam).

[26] *Randell*, 227 F.3d at 301.

[27] *Id.* at 752 n.2.

[28] *Cf. Thomas v. La., Dep't of Soc. Servs.*, 406 F. App'x 890, 897-98 & n.5 (5th Cir. 2010) (citing *Muhammad*, 540 U.S. at 752 n.2).

No. 14-30831

### III

Black also argues that the courts below erred in concluding that certain defendants were immune from suit under § 1983 or could not be sued under § 1983 because they were not state actors.  Because Black's argument that he can surmount *Heck*'s favorable-termination rule fails, we do not reach these issues.

\*     \*     \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

7