# United States Court of Appeals
## For the First Circuit

Nos. 21-1016
     22-1351

UNITED STATES OF AMERICA,

Appellee,

v.

DANNY RYDLE,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Kayatta, Selya, and Thompson,
Circuit Judges.

Robert C. Andrews and Robert C. Andrews Esquire P.C. on brief
for appellant.
Darcie N. McElwee, United States Attorney, and Noah Falk,
Assistant United States Attorney, on brief for appellee.

January 19, 2023

**SELYA**, **Circuit Judge**.  The Constitution limits the power of the federal courts to the adjudication of live cases and controversies.  See U.S. Const. art. III, § 2; see also Sundaram v. Briry, LLC (In re Sundaram), 9 F.4th 16, 20 (1st Cir. 2021) ("Federal courts lack jurisdiction to adjudicate moot cases."). When a case, though live when brought, loses its vitality while pending on appeal, that constitutional limit requires the appeal to be dismissed as moot.  See, e.g., In re Sundaram, 9 F.4th at 21.  "At that point, any opinion that a reviewing court might provide would be merely advisory."  Id.  That is the situation here.

In this instance, defendant-appellant Danny Rydle sought relief — in the form of retention of a seal of judicial records — up until the occurrence of a particular event (the expiration of his sentence).  Because that event has now occurred, we hold that these consolidated appeals must be dismissed as moot.

**I**

We set the stage.  On May 3, 2019, the appellant pleaded guilty in the United States District Court for the District of Maine to one count of theft from a licensed firearms dealer, see 18 U.S.C. §§ 2, 922(u), 924(i), and one count of conspiracy to commit theft from that dealer, see id. §§ 371, 922(u).  On October 8, 2020, the appellant was sentenced to a term of imprisonment of

time served and seven days, to be followed by a three-year term of supervised release.

During the appellant's brief term of incarceration, the district court sealed portions of the record pertaining to his cooperation with the government. In accordance with local practice, though, the court ordered that the seal be lifted once the appellant's imprisonment ended. The appellant objected on the ground that unsealing the record would place him in danger should he violate the terms of his supervised release and be resentenced to prison. He thus requested that the seal remain in place until he completed his sentence in its entirety, that is, until the expiration of his term of supervised release. The district court issued an order overruling the appellant's objection but left the seal in place while the appellant appealed.

During the pendency of that appeal, the appellant violated the terms of his supervised release. On December 10, 2021, the district court revoked his release and sentenced him to a new three-month prison term, to be followed by a new twenty-four-month term of supervised release. At that juncture, we remanded the case to the district court (albeit retaining appellate jurisdiction) for the limited purpose of clarifying what effect, if any, the revocation would have on the district court's prior order to lift the seal. On January 5, 2022, the district court, by indicative ruling, ordered that the relevant portions of the

record would remain sealed during the appellant's reincarceration, with the caveat that the district court would revisit the issue upon the appellant's release.  Accordingly, we remanded the case to the district court for further proceedings in accordance with that indicative ruling.  See Fed. R. App. P. 12.1(b).  Once again, we retained appellate jurisdiction.

Soon thereafter, the appellant was released yet again on supervision.  In response, the district court — after soliciting further briefing from the parties — reinstated its original order, from which a second appeal was then taken.

The two appeals were consolidated.  Before they could be adjudicated, however, the appellant violated the conditions of his supervised release for a second time.  On July 14, 2022, the appellant's supervised release was revoked, but his sentencing was continued until a later date.  On November 2, 2022, the district court sentenced the appellant to a term of imprisonment of time served, with no supervised release to follow.  Since the appellant's sentence was over and done with, we invited the appellant to show cause as to whether developments in the district court had mooted the pending appeals.  The appellant responded, and the question of mootness is now before us.

**II**

The Constitution limits the jurisdiction of the federal courts to the adjudication of "Cases" and "Controversies."  U.S.

- 4 -

Const. art. III, § 2.  We may therefore adjudicate cases only as long as "an actual controversy [is] extant at all stages of review."  Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  If "the issues presented are no longer 'live,'" then the case is moot, and we must dismiss for want of jurisdiction.  Harris v. Univ. of Mass. Lowell, 43 F.4th 187, 191 (1st Cir. 2022) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)); see In re Sundaram, 9 F.4th at 20.

So it is here.  The appellant challenged the district court's order on the ground that unsealing portions of the record while he served his term of supervised release posed a threat to his safety should he violate the terms of that release and find himself incarcerated once again.  But given that the appellant's sentence is now complete and that he is no longer either incarcerated or subject to supervision, there is no longer a live issue present in the case.

The appellant acknowledges as much, admitting that "avoiding the mootness doctrine would require the disregard of prior precedent."  Nevertheless, he opposes the dismissal of his appeals despite what he characterizes as "insurmountable hurdles" to the contrary.

The appellant's efforts to show that his appeals still present a live controversy are futile.  To begin, he fails to

identify any exception to the mootness doctrine that applies here. Although he cites to cases that address whether collateral consequences attendant to a revocation of parole might serve as an exception to the mootness doctrine, see Spencer v. Kemna, 523 U.S. 1 (1998); State v. McElveen, 802 A.2d 74 (Conn. 2002), his appeals in no way challenge the district court's serial revocations of his supervised release. Nor does he contend that he will incur any collateral consequences as a result of the unsealing of the records at this time: the harms limned in the appeals themselves were fully dissipated once he was freed from supervision, and he does not point to any other cognizable harms.

Struggling to snatch victory from the jaws of defeat, the appellant directs our attention to the decision in Black v. Hathaway, 616 F. App'x 650 (5th Cir. 2015) (per curiam), an unpublished and nonprecedential case from the Fifth Circuit. That opinion addresses whether the "favorable-termination rule" (which requires that a plaintiff alleging unconstitutional conviction or imprisonment under 42 U.S.C. § 1983 show a successful direct or collateral challenge to the underlying criminal proceeding, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)) applies in cases where federal habeas relief is no longer available. See Black, 616 F. App'x at 652-54. The relevance of that opinion to the issue at hand is unclear, and the appellant does not further elaborate.

For aught that appears, the opinion in <u>Black</u> does not advance the appellant's cause.

The short of it is that the expiration of the appellant's sentence has extinguished any live controversy, thus requiring dismissal of the appellant's appeals as moot. The appellant has failed to show cause to the contrary.

### III

We need go no further. For the reasons elucidated above, the appeals are

**<u>Dismissed</u>**.