23-6044
Hasnat Rasel v. Garland

BIA
McCarthy, IJ
A212 994 078

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-five.

PRESENT:
   DEBRA ANN LIVINGSTON,
        *Chief Judge,*
   MYRNA PÉREZ,
   MARIA ARAÚJO KAHN,
        *Circuit Judges.*
_____

ABUL HASNAT RASEL,
        *Petitioner,*

   v.                                          23-6044
                                               NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:** Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Corey L. Farrell, Senior Litigation Counsel; Tatiana G. Pino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abul Hasnat Rasel, a native and citizen of Bangladesh, seeks review of a December 22, 2022, decision of the BIA affirming an October 29, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). *In re Abul Hasnat Rasel*, No. A212 994 078 (B.I.A. Dec. 22, 2022), *aff'g* No. A212 994 078 (Immig. Ct. N.Y. City Oct. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings

2

for substantial evidence and questions of law *de novo*. *See Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We deny the petition because the arguments Rasel raises are unexhausted, and he has abandoned review of the issue he raised on appeal to the BIA. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Exhaustion is not jurisdictional, *Santos-Zacaria v. Garland*, 598 U.S. 411, 413-19 (2023), but it is "mandatory in the sense that a court must enforce the rule if a party properly raises it," *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (internal quotation marks omitted). A petitioner must exhaust the issues raised in this Court. *Id.* at 419–20 & n.2. And "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted).

In his brief to the BIA, Rasel argued that the IJ erred in considering an unsworn written statement to find inconsistencies. The BIA rejected that argument, and Rasel does not now challenge that conclusion. Accordingly, Rasel has abandoned this issue and we will not reach it. *See Debique*, 58 F.4th at 684.

3

With respect to the challenges to the IJ's inconsistency and corroboration findings that Rasel raises in his brief to this Court, the BIA did not err in concluding that Rasel waived those issues on appeal to the BIA. Rasel's brief to the BIA argued only that the IJ erred as a matter of law by relying on his prior unsworn written statement in making an adverse credibility determination. Before the BIA, Rasel did not challenge any of the conclusions the IJ reached about his credibility or the need for corroboration based on inconsistencies or based on his demeanor. Therefore, those arguments are not exhausted. Because the Government has properly raised Rasel's failure to exhaust those issues, we must enforce the exhaustion rule and, in this case, those issues are not properly before us. *See Ud Din*, 72 F.4th at 419–20 & n.2.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4